

**7 BAYVIEW AVENUE**
**NORTHPORT, NEW YORK 11768**

**THOMAS M. O'CONNOR**★
**PATRICIA A. O'CONNOR**

**TANYA M. DeMAIO**
**MICHAEL FEINER**
**JOSEPH T. O'CONNOR**
**RICHARD SHERIDAN**
**MARY A. BOLEN**#
**MAKAYLA McDERMOTT**+

(631) 261-7778
Fax (631) 261-6411

**Of Counsel**
**CRAIG J. TORTORA**
**ROBERT C. POLIZZO, JR.**
**MARK R. GUARRIELLO**

★ Also Admitted to Connecticut Bar
# Admitted to Nevada Bar
+ Admitted to Connecticut Bar
* Also Admitted to New Jersey Bar

June 17, 2024

Magistrate Locke
Via ECF only

Re:     Crawford v. Wal-Mart Stores East, LLP
        Docket No.  23 CV 03960

Honorable Sir:

In accordance with the Court's Individual Rules, kindly let this serve as the defendant's motion for an Order directing plaintiff to specifically identify which physician(s) she intends to call at trial and either provide the reports and data outlined under Rule 26(a)(2)(B) for those experts or designate these individuals as Rule 26(a)(2)(C) witnesses.  In addition, defendant respectfully requests that plaintiff be directed to provide disclosure as to her economic experts now or be precluded at the time of trial.

After several adjournments, plaintiff was directed to serve expert disclosure by June 14, 2024.  The first disclosure, annexed hereto as Exhibit A, stated only that plaintiff reserved the right to disclose any and all treating physicians as an expert witness pursuant to Fed. R. Civ. P. 26(a)(2)(B).  Defendant rejected that disclosure as insufficient.  On June 13, 2024, defendant received plaintiff's Supplemental Response to Expert Interrogatories, annexed hereto as Exhibit B.  In this disclosure, plaintiff reserved the right to call Drs. Freeman, Wilson, and Borukhov as Rule 26(a)(2)(B) witnesses at the time of trial as well as some unnamed "economics experts."

On June 14, 2024, the undersigned wrote plaintiff's counsel and stated that if he intended on calling the three individuals named as Rule 26(a)(2)(B) witnesses, he needed to provide a narrative report

for each, a list of their publications, and a list of the cases in which they have testified. Plaintiff's counsel was also reminded that the disclosure of an economics expert was due today. I suggested that we seek the Magistrate's assistance.

I then put in a telephone call to plaintiff's counsel but got only his voicemail. I left a message stating that we needed to have a telephone conversation to make a good faith effort to resolve our discovery dispute. I did not receive a return call but did get an email wherein plaintiff's counsel stated that he did not need to serve narrative reports for a Rule 26(a)(2)(B) witness. I responded that a Rule 26(a)(2)(B) witness required the disclosure of a narrative, but that he could designate the treating physicians as Rule 26(a)(2)(C) witnesses if he liked. I also stated that defendant would object to the attempt to offer any economic expert disclosure if that disclosure was not made by today's deadline. I received no response. The emails at issue are annexed hereto as Exhibit C.

Defendant respectfully requests that plaintiff be directed to identify which of the three named individuals will be called at the time of trial so that defendant may arrange for and take their depositions. Defendant also requests that plaintiff be directed to identify whether these individuals are being called as Rule 26(a)(2)(B) or 26(a)(2)(C) witnesses and that the proper disclosure be made according to their designation prior to the taking of their depositions. Finally, defendant requests that the plaintiff be precluded from offering the testimony of any economic experts that were not properly disclosed by the June 14, 2024 deadline.

Respectfully submitted,

O'CONNOR & O'CONNOR, ESQS.

*Patricia A O'Connor*

Patricia A. O'Connor