UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
TANYA CRAWFORD,

                  Plaintiff,

        -against-

WALMART INC. and WAL-MART STORES EAST, INC.,

                  Defendants.
--------------------------------------------------------------------x

**MEMORANDUM AND ORDER**
23-CV-03960 (OEM) (SIL)

ORELIA E. MERCHANT, United States District Judge:

Plaintiff Tanya Crawford ("Plaintiff") commenced this tort action on May 15, 2025, asserting a negligence claim against defendants Walmart Inc. and Wal-Mart Stores East, Inc. ("Defendants") in the Supreme Court of the State of New York, County of Suffolk. Notice of Removal, ECF 4; Verified Complaint ("Compl."), ECF 4-1. Defendants filed an answer in state court and on May 30, 2025, Defendants timely removed this action to the Eastern District of New York based on diversity jurisdiction under 28 U.S.C. § 1332. Notice of Removal, ECF 4; Verified Answer, ECF 4-2. Plaintiff's negligence claim arises out of a slip-and-fall that occurred while Plaintiff was shopping at a Walmart store in Suffolk, New York on August 20, 2022. *See generally* Compl.

Before the Court is Defendants' fully-briefed motion for summary judgment under Federal Rule of Civil Procedure 56.[1] For the following reasons, Defendants' motion is granted.

---

[1] Defendants' Notice of Motion, ECF 37; Defendants' Memorandum of Law ("Defs.' Mem."), ECF 37-8, Defendants' Local Civil Rule 56.1 Statement ("Defs.' 56.1 Statement"), ECF 37-9; Declaration of Attorney Patricia A. O'Connor and Exhibits A-F, ECF 37-1, 37-2-37-7; Plaintiff's 56.1 Counterstatement ("Pl.'s Counter 56.1"), ECF 38; Plaintiff's Declaration in Opposition to Defendants' Motion for Summary Judgment ("Pl.'s Opp'n"), ECF 38-2; Plaintiff's 56.1 Additional Statement ("Pl.'s 56.1 Additional"), ECF 40-1; Defendants' Reply Memorandum (Defs.' Reply"), ECF 39-3; Defendants' Response to Plaintiff's 56.1 Additional Statement ("Defs.' 56.1 Additional Resp."), ECF 39.

## BACKGROUND[2]

On August 20, 2022, Plaintiff visited a Walmart store.  Pl.'s Counter 56.1 ¶ 1.  Plaintiff walked to an aisle to select a screwdriver for purchase.  *Id.* ¶ 3.  After choosing a screwdriver, Plaintiff turned right into another aisle to proceed to the front of the store.  *Id.*  Plaintiff was looking straight ahead while walking and when she was about midway in the aisle, her left foot slipped in front of her, and her arm hit a vacuum cleaner box.  *Id.* ¶ 7.  Plaintiff's left hand broke her fall.  *Id.* ¶ 7.  Plaintiff did not see any substances on the floor or observe other customers fall prior to her fall.  *Id.* ¶¶ 5-6, 10.  Nothing obstructed her view of where she was walking.  *Id.* ¶ 4.

After the incident, Plaintiff observed a black, wet substance on the floor.  *Id.* ¶ 8.  Plaintiff did not see this wet substance before slipping in it, did not know how this wet substance came to exist on the floor, and did not know long this substance was on the floor before her accident.  *Id.* ¶¶ 9-12.

Keith Saboe, an eyewitness to the incident, observed a skid mark and oily substance on the floor that was approximately four inches long.  Defs.' 56.1 Additional Resp. ¶¶ 21, 22.  Saboe testified that the skid marks appeared to have come from Plaintiff's foot sliding through the substance.  Pl.'s Counter 56.1 ¶ 20.  However, Saboe did not know how the substance came to be on the floor or how long it had existed on the floor before Plaintiff's fall.  Pl.'s Counter 56.1 ¶ 22.

Walmart employee Cristina Gabura went to the area of the fall after she was alerted of Plaintiff's fall at the customer service center.  Defs.' 56.1 Additional Resp. ¶¶ 14, 15.  Gabura observed "something" on the floor where Plaintiff fell.  *Id.* ¶¶ 15-16.  Gabura did not investigate the accident.  *Id.* ¶ 17.

---

[2] The facts in this section are drawn from the parties' 56.1 statements, ECF 37-9, 38, 40-1, 39, and are undisputed unless stated.  Where facts stated in a party's Rule 56.1 Statement are supported by testimonial or documentary evidence, and are denied with only a conclusory statement by the other party or without citation to evidence, the Court finds such facts to be true.  E.D.N.Y. Local Rule 56.1 (c)-(d).

Walmart asset protection operations coach Jessica Castro testified that she could not locate video footage of the alleged accident.  Pl.'s Counter 56.1 ¶ 15.

## LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 56 Standard

In resolving a motion for summary judgment, the Court must undertake "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  Under Rule 56, a court must grant summary judgment if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law[,]" and a dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The moving party bears the initial burden of demonstrating that no genuine issues of material fact exist.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Once this burden is met, however, the burden shifts to the non-moving party to put forward some evidence establishing the existence of a question of fact that must be resolved at trial.  *Spinelli v. City of N.Y.*, 579 F.3d 160, 166-67 (2d Cir. 2009); *see also Celotex Corp.,* 477 U.S. at 322-23.  The non-moving party must show more than "[t]he mere existence of a scintilla of evidence" in support of his or her position; "there must be evidence on which the jury could reasonably find for the" non-movant.  *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (quotation omitted).  In other words, to defeat summary judgment, the non-moving party must go beyond the pleadings and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Thus, the nonmoving party may not rest upon mere conclusory allegations or denials, but must set forth "concrete particulars" showing that a trial is needed. *R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 77 (2d Cir. 1984). Accordingly, it is insufficient for a party opposing summary judgment "merely to assert a conclusion without supplying supporting arguments or facts." *BellSouth Telecomms., Inc. v. W.R. Grace & Co.*, 77 F.3d 603, 615 (2d Cir. 1996).

The parties "must support" their assertions "that a fact cannot be or is genuinely disputed" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or, alternatively, by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A)-(B). Courts must view the record evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157-59 (1970). However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247-48.

**B.     Applicable Burden of Proof at Summary Judgment on a Premise Liability Claim Litigated in Federal Court**

Because the Court sits in diversity jurisdiction over this action, New York substantive law applies to Plaintiff's claim and federal law applies to procedural issues. *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Federal law governs the parties' respective burden of proof on a summary judgment motion because it is procedural. *See Celotex Corp. v. Catrett*, 477 U.S. 317,

327 (1986); *see also Tenay v. Culinary Tchrs. Ass'n of Hyde Park*, 281 F. App'x 11, 13 (2d Cir. 2008) (applying the federal summary judgment standard to a New York slip-and-fall case); *Demelio v. Wal-Mart Stores E., L.P.*, 21-CV-1900, 2023 WL 2480192, at *3 (S.D.N.Y. Mar. 13, 2023) ("While New York law governs the substantive slip-and-fall claim, federal law applies to procedural aspects of the claim." (footnote and citation omitted)).

The Court therefore applies federal procedural law to determine the parties' respective burdens of proof. *Mahoney v. Whole Foods Market Grp., Inc.*, 21-CV-4127 (MKB), 2025 WL 486655, at *4-5 (E.D.N.Y. Feb. 12, 2025); s*ee Tenay*, 281 F. App'x at 12-13 ("We have determined under [Rule 56] ... that the evidentiary burdens that the respective parties will bear at trial guide district courts in their determination of summary judgment motions....  At trial under New York law, [the plaintiff] would bear the burden of proof on the elements of his premises liability claim." (citations omitted)).  Thus, Defendants, as the moving party, "may discharge [their] burden of proof merely 'by pointing to an absence of evidence to support an essential element of [Plaintiff's] claim.'" *Vasquez v. United States*, 14-CV-1510 (DF), 2016 WL 315879, at *5 (S.D.N.Y. Jan. 15, 2016) (citing *Feis v. United States*, 394 F. App'x 797, 798-99 (2d Cir. 2010) (finding that "contrary to plaintiff's assertions, defendant was not required to affirmatively disprove each element of plaintiff's [slip-and-fall] claim.").  Therefore, Defendants may satisfy their burden by "'showing— that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case,'" but need not "raise a prima facie case." *Hughes v. United States*, 12-CV-5109 (CM), 2014 WL 929837, at *4 (S.D.N.Y. Mar. 7, 2014) (quoting *Celotex*, 477 U.S. at 325); *see Bustamante v. KIND, LLC*, 100 F.4th 419, 432 (2d Cir. 2024) ("The party seeking summary judgment bears the burden of establishing that no genuine issue of material of fact exists, but when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient

for the movant to point to an absence of evidence on an essential element of the nonmovant's claim." (internal quotation marks and citation omitted)).  If Defendants meet that burden, the burden then shifts to Plaintiff to present evidence on each element of the claim and demonstrate that a genuine issue of material fact exists for trial.  *Celotex*, 477 U.S. at 322-24.

## DISCUSSION

Plaintiff asserts a negligence claim against Defendants.  To prevail on a negligence claim under New York law, a plaintiff must establish three elements: "(1) the existence of a duty on defendant's part as to plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Borley v. United States*, 22 F.4th 75, 78 (2d Cir. 2021).  To make out a premises liability slip-and-fall case, "a plaintiff must show that a defendant either created the dangerous condition or had actual or constructive notice of the condition and its dangerousness" for such a period of time that, in the exercise of reasonable care, defendant should have corrected it.  *Borley,* 22 F.4th at 79; *Tenay*, 281 F. App'x at 13.

Defendants argue that they are entitled to summary judgment because there are no genuine issues of material facts as to Plaintiff's inability to show that Defendants created the substance on the floor and Plaintiff's inability to show Defendants had actual or constructive notice of the substance of the floor. *See generally* Defs.' Mem.  In opposition, Plaintiff only addresses whether Defendants had constructive notice of the substance of the floor, but Plaintiff does not argue or assert that Defendants created the hazardous condition that caused Plaintiff's injury or had actual notice of it.[3]  Plaintiff, who is represented by counsel, had an opportunity to raise arguments or

---

[3] In their moving memorandum of law, Defendants, relying on Plaintiff's pre-motion conference response letter, anticipated that Plaintiff "w[ould] argue that [Defendants] spoiled video of her accident" and "prejudiced her ability to review all surveillance evidence to uncover additional facts that may support her claim." *See* Defs.' Mem. at 10 (quoting Plaintiff's Pre-Motion Conference Response Letter, ECF 31).  Defendants assert that there is no video surveillance of the footage and reject Plaintiff's prejudice argument with supported case law holding that there cannot be a finding of spoilation where no video existed. *See* Defs.' Mem. at 10.

claims in response on these issues, but did not, and thus "abandon[ed] [those] unmentioned claims." *Gomez v. Target Corp.*, 23-CV-846 (RPK) (LB), 2025 WL 563933, at *2 (E.D.N.Y. Feb. 20, 2025) (quoting *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014)) (finding plaintiff abandoned claims where plaintiff only argued that defendant had actual notice of the spill but did not address defendant's argument for summary judgment on her claims that it created or had constructive notice of the spill); *cf. Jackson*, 766 F.3d at 198 ("a partial response arguing that summary judgment should be denied as to some claims while not mentioning others may be deemed an abandonment of the unmentioned claims," distinguishing the treatment of unopposed summary judgment motion).

To prove liability based on constructive notice, the danger must have been "visible and apparent," and it must have existed "for a sufficient length of time prior to the accident to permit [the defendant] to discover and remedy it." *Antonelli v. Wal-Mart Stores, Inc.*, 216 F.3d 1071 (2d Cir. 2000) (summary order) (quoting *Gordon v. Am. Museum of Nat. History*, 67 N.Y.2d 836, 837 (1986). Although Plaintiff can establish constructive notice through circumstantial evidence, Plaintiff must do more than proffer a plausible theory – she must present evidence from which a reasonable jury could draw the reasonable inference Defendants had constructive notice of the particular condition at issue. *See Tenay*, 281 F. App'x at 13. Further, "[t]he mere existence of a

---

In response, Plaintiff simply restates nearly verbatim the same assertions she made in her pre-motion conference response letter, that "any perceived inability to make out her prima facie case . . . is a direct result of [Defendants'] failure to preserve and produce sufficient video footage of the location within the store where Plaintiff's incident occurred," and therefore she is "prejudiced by her inability" to review all of the evidence to "uncover additional facts that may support her claims[.]. Pl.'s Opp'n ¶¶ 3-4. Plaintiff stops there — Plaintiff does not engage with the case law Defendants cited, does not point the Court to any case law at all, and does not request any relief for this perceived prejudice. Consequently, Plaintiff has waived that argument. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) (arguments and issues "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"); *see also Johnson v. Panetta*, 953 F. Supp. 2d 244, 250 (D.D.C. 2013) ("It is not the obligation of this Court to research and construct the legal arguments available to the parties . . . .To the contrary, perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are deemed waived.").

foreign substance, without more, is insufficient to support a claim of negligence" in a slip-and-fall action. *Castellanos v. Target Dep't Stores, Inc.*, 2013 WL 4017166, at *4 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks and citations omitted).

Defendant argues that Plaintiff cannot establish that they had constructive notice of the defect. In support, Defendant asserts that Plaintiff fails to produce any evidence that the substance on the floor was visible and apparent, because she "made no observation of the substance prior to slipping in it." Defs.' Mem. at 14. Further, Defendants contend that Plaintiff fails to identify any evidence that the substance existed on the floor long enough such that Defendants should have both discovered it and remedied it prior to her fall because Plaintiff's photographs do not show shopping cart tracks or other footprints in the substance. *Id.* Rather, Defendants claim that "[t]he photographs are entirely consistent with the sworn testimony of the non-party witness that the only track through the substance was caused by plaintiff's own foot." *Id.*

In opposition, Plaintiff argues that there is "direct and inferential evidence" establishing Defendants' constructive notice. Pl.'s Opp'n ¶ 19, 31. In support, Plaintiff contends that the substance was visible and apparent, pointing to evidence that (1) a witness saw the condition and could describe the approximate dimensions of the spill, Pl.'s 56.1 Statement ¶ 22; (2) a Walmart employee could identify the condition and took pictures of it, *id.* ¶¶ 16, 18; and (3) Plaintiff saw "a lot" of a black substance after the incident. *Id.* ¶ 6. Further, Plaintiff asserts that the substance existed for a sufficient length of time, because "the photographs clearly show that there are trails from the wheels of shopping carts and footprints which support the argument that the subject condition existed for a significant period of time." *Id.* ¶ 31; *see* Pl.'s 56.1 Statement ¶ 18.

### A. Visible and Apparent

It is undisputed that Plaintiff did not see the black wet substance on the floor before she fell and that she only observed the substance after her fall. Pl.'s Counter 56.1 ¶¶ 5, 6, 8, 10. It is also undisputed that while customer Keith Saboe witnessed Plaintiff make a weird move and hit a box with her hand, *id.* ¶ 18, he observed the substance with skid marks in it from Plaintiff's foot only after the incident, *id.* ¶¶ 20-22; Defs.' 56.1 Additional Resp. ¶ 5. Further, it is undisputed that Walmart employee Cristina Gabura, who first learned of the accident when she was called to the customer service center, also observed the substance only after Plaintiff's slip. Defs.' 56.1 Additional Resp. ¶¶ 14-16.

Thus, Plaintiff has failed to identify any evidence that the black substance of the floor was visible and apparent either to her or Defendant. The fact that Plaintiff or other eyewitnesses saw the substance after the incident is not evidence that the substance was visible and apparent, and courts in this Circuit routinely grant summary judgment on that basis. *See, e.g., Salazar v. Walmart Stores E., LP*, 22-CV-6991 (VR), 2024 WL 1995240, at *4 (S.D.N.Y. May 6, 2024) (granting summary judgment because "[o]bservations after an accident occurs are not evidence that a condition was visible and apparent prior to the accident); *Lyman v. PetSmart, Inc.*, 16-CV-04627 (JCM), 2018 WL 4538908, at *7 (S.D.N.Y. Sept. 21, 2018) (granting summary judgment where plaintiff testified that she did not see the condition until after she slipped and she offered no evidence that others saw the condition prior to the fall); *Ortiz v. Walmart Stores E., LP*, 17-CV-945 (NSR), 2019 WL 1171566, at *4 (S.D.N.Y. Mar. 13, 2019) (observations made after a plaintiff's fall "do not provide a reasonable fact finder a basis upon which to determine that the condition was visible and apparent before Plaintiff fell"); *Cooper v. Walmart Stores, Inc.*, 24-CV-205 (JCM), 2025 WL 1617071, at *6 (S.D.N.Y. June 6, 2025) (The fact that an individual party

"pointed out" or observed the condition "after [Plaintiff] fell" does "not establish that … anyone else had seen the [condition] *prior to* Plaintiff's fall.") (emphasis added).

Both Plaintiff and Defendants cite to *Castellanos v. Target Department Stores*, Inc., 12-CV-2775 (GWG), 2013 WL 4017166 (S.D.N.Y. Aug. 7, 2013) to support their respective position, disagreeing on its holding and application to this case. Defs.' Mem. at 8; Pl.'s Opp'n ¶¶ 20-27.  In *Castellanos*, the court found that the plaintiff failed to present evidence that the dangerous condition was visible and apparent, because neither the plaintiff nor other witnesses saw it before the fall, and the video footage proffered as evidence did not suggest that customers in the area were "impeded in any way by" the defect. *Castellanos*, 2013 WL 4017166, at *6.  Defendants rely on *Castellanos* to argue that Plaintiff cannot establish that a hazardous condition was visible and apparent absent evidence that any person saw the defect before a fall.  Defs.' Mem. at 8.  In response, Plaintiff asserts that the present case is distinguishable from *Castellanos.*  Specifically, Plaintiff argues that that there was a video surveillance in *Castellanos*, whereas here Defendants have not submitted a video surveillance showing Walmart customers unimpeded by the substance and walking in the same area where Plaintiff fell, and therefore a triable issue of fact exists with respect to whether it was visible and apparent.  Pl.'s Opp'n ¶¶ 20-27.  However, in *Castellanos*, the court's reasoning and conclusion did not turn solely on the video footage.  Rather, the court focused mainly on the fact that neither plaintiff nor other witnesses saw the defect before plaintiff's fall in concluding that the defect was not visible and apparent. *Castellanos*, 2013 WL 4017166, at *6.  In any event, witness testimony alone, without video surveillance footage, can be sufficient to demonstrate that a hazardous condition was not visible and apparent. *See*, *e.g., Lyman*, 2018 WL 4538908, at *7 (relying on plaintiff's testimony that she did not see condition prior to fall);

*Melanson-Olimpio v. Walmart Stores E., LP*, 16-CV-8735 (NSR), 2019 WL 1060625, at *5 (S.D.N.Y. Mar. 6, 2019).

As noted above, *supra* 6, Plaintiff would bear the burden of proving at trial that the substance on the floor was visible and apparent in order for a reasonable jury to find in her favor. Plaintiff has failed to present any evidence suggesting that the substance was visible and apparent before she fell, and therefore no reasonable jury would find that Defendants had constructive notice of that condition. Thus, Plaintiff's failure to show that the substance on the floor was visible and apparent is sufficient to grant summary judgment in favor of Defendants. *Nussbaum v. Metro-North Commuter Railroad*, 603 F. App'x 10, 12-13 (2d Cir. 2015) (affirming a district court's grant of summary judgment without reaching the question of whether the hazard existed for a sufficient length of time because the hazard was determined not to be visible and apparent); *Lionel v. Target Corp.*, 44 F. Supp. 3d 315, 323-24 (E.D.N.Y. Sept. 12, 2014) (granting summary judgment where the plaintiff could only prove that plastic lid was visible and apparent, but could not prove that it existed for a sufficient length of time).

## B. Length of Time

Even assuming *arguendo* that the condition was visible and apparent when Plaintiff fell, Plaintiff failed to point to any evidence that the substance was on the floor for a long enough period such that Defendants should have discovered it and remedied it before her fall. As noted above, constructive notice can be inferred based on the circumstances surrounding her fall and the condition of the premises, but Plaintiff must nonetheless provide some basis for the inference that the condition was there long enough in order to find Defendants liable. *Casierra v. Target Corp.*, 09-CV-1301 (JG) (MDG), 2010 WL 2793778, at *3 (E.D.N.Y. July 12, 2010) ("To get to a jury,

[Plaintiff] is required to provide some basis for an inference that the spill was there long enough to blame [Defendant] for the accident.").

Plaintiff testified that she did not know how the substance came to be on the floor and did not know how long the substance had been on the floor before her accident. Pl.'s Counter 56.1 ¶¶ 11-12.  Likewise, store customer Saboe who observed Plaintiff's fall testified that he did not know how long the substance had been on the floor and what caused it.  *Id.* ¶ 22.  He testified that he saw some skid mark in the substance from Plaintiff's foot and that the liquid did not contain any other footprints or debris, which Plaintiff has admitted and has not pointed to any controverting evidence.  *Id.* ¶ 21.  Thus, there is no evidence in the record that directly address when and how the substance came to be on the floor where Plaintiff fell.

In lieu of direct evidence of when and how the substance came to be on the floor, Plaintiff points to an after-the-fact photograph that she took of the substance of the floor that she asserts shows smudge or skid marks through it.  She also points to a picture that Gabura took after the accident, which Plaintiff asserts shows "some skid marks as someone stepped there next to a skid mark which [sic]."  Pl.'s Opp'n ¶ 33.  Thus, according to Plaintiff, "[i]t would most certainly be reasonable for a jury to infer, from looking at this picture along with the other pictures . . ., that the slippery condition existed for a significant period of time."  *Id.*

But the Court is not persuaded by Plaintiff's arguments here.  The inference that Plaintiff seeks to draw requires the assumption that the skid marks existed prior to Plaintiff's fall.  But that is unsubstantiated by the record.  Gabura testified that she saw "something" where Plaintiff slid but did not know whether the smudge marks were part of the substance that Plaintiff slipped on. Gabura Depo Tr. 31:18-32:2, ECF 37-4.  Saboe, who assisted Plaintiff right after the fall, testified that the skid marks came from Plaintiff's feet sliding through the substance.  Pl.'s Counter 56.1

¶ 20 (citing to Saboe Depo Tr.).  Thus, aside from Plaintiff's own assertions of what the photograph shows, it is unclear *when* and *how* the track marks were created.  *See Alaimo v. Sam's E. Inc.*, 2021 WL 4442864, at *4 (S.D.N.Y. Sept. 28, 2021) (holding that a reasonable jury could not conclude that a cherry that a plaintiff slipped on was present long enough to establish constructive notice, because it was unclear from photographs and affidavits "when the track marks were created— moments before plaintiff fell, earlier that day, the prior week, or a year prior.").  Thus, it is speculative to infer that because there appears to be skid marks in the substance, they must have existed prior to the fall; it is equally plausible that these marks could have been caused by her own fall.  *See Zellner v. Pathmark Stores, Inc.*, 00-CV-8216 (DLC), 2001 WL 1196196, at *2 (S.D.N.Y. Oct. 10, 2001) ("Because the dirty appearance of the cold cuts may have been caused by [Plaintiff's] fall, any finding that they had been on the floor for an appreciable period of time would be mere speculation); *see Watts v. Wal-Mart Stores East, LP*, 16-CV-4411 (KMK), 2018 WL 1626169, at *8 (S.D.N.Y. Mar. 29, 2018) (the fact that the spilled substance appeared to be wet undermined any inference that the liquid was there for an appreciable period of time).

Even viewing the facts in the light most favorable to Plaintiff, Plaintiff has not pointed to any evidence – direct or circumstantial – that would permit a reasonable jury to infer that the wet black substance was on the floor for a long enough period of time such that Defendants had constructive notice of it.  Accordingly, Defendants are entitled to summary judgment.  *See Leandro v. Walmart Superctr. Store #2104*, 19-CV-2108 (JCM), 2021 WL 2742622, at *10 (S.D.N.Y. June 30, 2021) (finding that summary judgment is warranted when "it would be rank speculation to infer that [a substance] was there for a sufficient length of time."); *see also Toscano v. Petsmart, Inc.*, 16-CV-0587 (GTS/CFH), 2018 WL 813633, at *6 (N.D.N.Y. Feb. 9, 2018) ("'[I]n cases where the plaintiff is unable to establish how long the condition causing the accident existed prior

to the accident, courts have entered summary judgment in favor of the defendant.'") (quoting

S*tephanides v. BJ's Wholesale Club*, 12-CV-0083(CLP), 2013 WL 1694901, at \*15 (E.D.N.Y.

Apr. 18, 2013)).

## **CONCLUSION**

For the foregoing reasons, Defendants' motion is granted.  This action is hereby dismissed.

The Clerk of Court is respectfully directed to enter judgment and to close this action.


**SO ORDERED.**

/s/_____
ORELIA E. MERCHANT
United States District Judge

August 27, 2025
Brooklyn, New York